UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06-CV-P86-M

**MARK ANTHONY JEFFRIES**                                          **PLAINTIFF**

**v.**

**DAVID OSBORNE**                                          **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Mark Anthony Jeffries, has filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil-rights action against David Osborne, Jailer at the Daviess County Detention Center (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

The plaintiff sues Jailer Osborne in his individual and official capacity. The plaintiff's claim, *in toto*, is: "I've been refused access to law library with federal law available. I am a federal prisoner." As relief, he requests a transfer to Greyson County, which has a complete law library.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions

are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

The first inquiry in any § 1983 case is whether a deprivation of a right secured by the Constitution or laws of the United States has occurred. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). In order to state a claim under § 1983, the plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even when an inmate claims his access to the courts was denied *merely* because he was denied access to the prison

library, or certain books, he fails to state a claim absent any showing of prejudice to his litigation. *Walter v. Mintzes,* 771 F.2d at 932. Also, in order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Thus, the plaintiff has no right of access to a prison law library containing federal law books, and he has demonstrated no actual prejudice to pending litigation. Consequently, this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

The Court will dismiss this action in a separate order.

Date:


cc:     Plaintiff, *pro se*
        Defendant
        Daviess County Attorney
4414.009